UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ROBERTS,

    Plaintiff,

    v.

CSP-SAC, et al.,

    Defendants.

No. 2: 20-cv-1564 JAM KJN P

ORDER

Plaintiff is a prisoner, proceeding pro se. On September 2, 2020, the undersigned recommended that this action be dismissed based on plaintiff's failure to keep the court apprised of his current address. (ECF No. 10.) On September 16, 2020, plaintiff filed objections to the findings and recommendations. (ECF No. 12.) Good cause appearing, the findings and recommendations are vacated;

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are California State Prison-Sacramento ("CSP-Sac") Warden Lynch, Sergeant Darling, Lieutenant Adaza and Captain Konrad. Plaintiff alleges that he has been stalked, harassed, threatened, mentally abused and food poisoned by correctional officers at CSP-Sac. Plaintiff alleges that the defendants did nothing about the alleged stalking, etc.

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978)

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); Taylor v. List, 880 F.2d 1040, 1045

3

1 (9th Cir. 1989).

2 Plaintiff alleges that defendants supervised the correctional officers who allegedly stalked, harassed, threatened, mentally abused and poisoned him. Plaintiff alleges that defendants took no action to stop the correctional officers from abusing him. However, plaintiff does not allege how defendants were aware of the actions allegedly taken by the correctional officers against plaintiff. Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendants. For these reasons, the complaint is dismissed with leave to amend.

If plaintiff files an amended complaint, he must allege how each defendant knew of the alleged misconduct committed by the correctional officers. Plaintiff must also describe the specific misconduct each defendant was aware of. Plaintiff must also describe when the alleged misconduct occurred.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Monterey County Sheriff's Department filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The September 2, 2020 findings and recommendations (ECF No. 10) are vacated.

Dated:  September 22, 2020

                               KENDALL J. NEWMAN
                               UNITED STATES MAGISTRATE JUDGE

Rob1564.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CSP-SAC, et al.,<br><br>　　　　　Defendant. | No.  2: 20-cv-1564 JAM KJN P<br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED:　　_____　　　Amended Complaint

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff